23-7238-cr
United States v. Feagins

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of April, two thousand twenty-five.

PRESENT: GUIDO CALABRESI,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges*.

---------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                          No. 23-7238-cr

DARNELL FEAGINS,

*Defendant-Appellant*.

---------------------------------------------------------------------

FOR APPELLEE:                          JESSICA GREENWOOD, Assistant
                                       United States Attorney (Nathan
                                       Rehn, Assistant United States
                                       Attorney, *on the brief*), *for*
                                       Damian Williams, United
                                       States Attorney for the
                                       Southern District of New York,
                                       New York, NY

FOR DEFENDANT-APPELLANT:                ZACHARY A. MARGULIS-
                                       OHNUMA (Benjamin
                                       Notterman, *on the brief*), ZMO
                                       Law PLLC, New York, NY

Appeal from a judgment of the United States District Court for the

Southern District of New York (Richard J. Sullivan, *Circuit Judge, sitting by*

*designation*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

Darnell Feagins appeals from a judgment of conviction entered in the

United States District Court for the Southern District of New York by Circuit

Judge Richard. J. Sullivan sitting by designation as a District Judge.   Feagins

challenges Judge Sullivan's authority as a Circuit Judge sitting by designation to

preside over his case and term of supervised release.   We assume the parties'

familiarity with the underlying facts and the record of prior proceedings, to

which we refer only as necessary to explain our decision to affirm.

Feagins was convicted in 2015 in the United States District Court for the Middle District of Georgia for failure to register as a sex offender and sentenced principally to 27 months' imprisonment followed by a five-year term of supervised release. Feagins's supervision was transferred to the Southern District of New York and assigned to Judge Sullivan in June 2017. In August 2018 Feagins admitted to violating the terms of his supervised release. That November Judge Sullivan, who a month earlier had been appointed to this Court and resigned his seat as District Judge, revoked Feagins's supervised release and sentenced him to 24 months' imprisonment to be followed by a lifetime term of supervised release. Judge Sullivan continued to preside over Feagins's case pursuant to an October 26, 2018 order issued by the Chief Circuit Judge, which "designate[d] and assign[ed]" Judge Sullivan to the District Court "for such additional time as may be required to complete unfinished business." App'x 18.

In 2020 Feagins was indicted in separate proceedings for possession of child pornography and also appeared in the revocation proceedings at issue in this appeal. On December 14, 2022, the Chief Circuit Judge issued a new order (the "Designation Order") designating Judge Sullivan pursuant to 28 U.S.C.

§ 291(b) "to sit in the United States District Court for the Southern District of New York from January 1, 2023 through December 31, 2023 and for such additional time as may be required to complete unfinished business." App'x 19.

In a September 27, 2023 judgment, Judge Sullivan found that Feagins had violated several conditions of supervised release and sentenced him to 24 months' imprisonment (the statutory maximum) and a lifetime term of supervised release.

On appeal, Feagins argues primarily that Judge Sullivan's designation to sit on the District Court to continue supervision of cases that were on his docket when he was appointed and confirmed to this Court violates 28 U.S.C. § 291(b) and the Appointments Clause, U.S. Const. art. II, § 2, cl.2. This argument is foreclosed by our recent decision in *United States v. Bradley*, 124 F.4th 106 (2d Cir. 2024). In *Bradley* we held that "the long-standing congressionally authorized practice of sitting by designation in federal courts" comports with the Appointments Clause and that the Designation Order conforms to § 291(b) because it is "in the public interest" and "temporary." *Id*. at 111 (quoting 28

U.S.C. § 291(b)).[1]

Feagins points out that he was sentenced to a lifetime term of supervised release and insists that Judge Sullivan's designation is therefore not temporary as it affects him.   Because of the lifetime duration of the term, Feagins says, Judge Sullivan is in a position to retain his assignment in this case "for the rest of . . . Feagins's life."   Appellant's Br. 27.   We disagree.   The challenged revocation judgment "fell within the . . . bounded, one-year period[] delineated in the [Designation] Order[]," *Bradley*, 124 F.4th at 111, which is plainly temporary.

Feagins also maintains that Judge Sullivan will likely issue additional rulings over the course of Feagins's lifetime term of supervised release.   That possibility, he insists, demonstrates the permanent nature of Judge Sullivan's designation.   Appellant's Br. 30.   This argument is unpersuasive for two reasons.

First, we do not know how long Judge Sullivan will continue his assignment.   Second, Feagins assumes that in issuing any possible future rulings, Judge Sullivan will act under the authority of the challenged Designation

---

[1] *Bradley* also forecloses Feagins's argument that the Chief Circuit Judge must make a finding that the designation is in the public interest.   *Bradley*, 124 F.4th at 112.

Order, which extends his designation "for such additional time as may be required to complete unfinished business."   App'x 19.   But we have held that this "phrase cannot reasonably be understood as a permanent authorization." *Bradley*, 124 F.4th at 111.   So if Judge Sullivan retains his assignment for an extended duration of Feagins's term of supervised release, we anticipate that he will do so pursuant to periodically issued designation orders that specify "bounded, one-year periods."   *Id.*   We therefore have no occasion to "reach the outer bounds of permissible judicial designation under the Appointments Clause."   *Id.*   Any argument Feagins offers now about possible future rulings is speculative and unripe for review.   *See United States v. Traficante*, 966 F.3d 99, 106–07 (2d Cir. 2020).

## CONCLUSION

We have considered Feagins's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

<div style="margin-left:auto">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>